UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-43-KSF

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                         **OPINION & ORDER**

JERRY BRUCE CLARK                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the *pro se* motion of Defendant for appointment of counsel for the purpose of filing a motion for modification of his sentence [DE #97]. Specifically, Defendant requests counsel for the purpose of filing two motions: 1) a motion for his sentences to run concurrently rather than consecutively; and 2) a motion for a sentence reduction for his crack cocaine conviction. However, there is no constitutional right to counsel in post-conviction proceedings. *Ritchie v. Eberhart*, 11 F.3d 587, 590-92 (6th Cir. 1993).

In addition, the Court's jurisdiction to amend a sentence, once imposed, is very limited. The Court may only modify a sentence, once imposed, under the circumstances outlined in 18 U.S.C. §3582, which provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that –
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

The policy statement in U.S.S.G. § 1B1.10(a) provides, in part:

> (2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
> . . .
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. 1B1.10(a). Application note 1(A) to this Guideline states that a reduction under § 3582(c)(2) is not authorized where "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n. 1(A).

Although the Court is aware of changes made to the crack cocaine quantities necessary to trigger the mandatory minimums contained in 21 U.S.C. § 841(b)(1) by the Fair Sentencing Act of 2010, as well as amendments contained in the <u>2011 Guidelines Manual</u> relating to cocaine base, Defendant's sentence was based on his status as a Career Offender within the meaning of U.S.S.G. §4B1.1.[1] While the Sentencing Commission has lowered sentencing ranges pursuant to U.S.S.G. §2D1.1 for offenses involving crack cocaine, it has not lowered the sentencing ranges pursuant to U.S.S.G. §4B1.1 for Career Offenders. Moreover, because the Fair Sentencing Act of 2010 does not apply retroactively, the defendant cannot reap the benefits of a reduction in sentence under the FSA. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Thus, as with Defendant's prior

---

[1] The Court notes that Defendant has previously filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive crack cocaine amendments to the Federal Sentencing Guidelines [DE #88]. The Court denied the motion, finding that, because Defendant was sentenced as a Career Offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) [DE #93].

§3582 motion, Defendant is not eligible for a sentence modification under §3582. Defendant's sentencing range was based on his status as a Career Offender and not because his offense involved cocaine base. Accordingly, he is not eligible for a sentence reduction, and this Court has no authority to grant such a reduction. Since a request for reduction of sentence pursuant to §3582 is inappropriate, it would be fruitless for the court to appoint counsel and, accordingly, the motion will be denied.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the Defendant's motion for appointment of counsel [DE #97] is **DENIED**.

Dated this November 5, 2012

Signed By:
*Karl S. Forester* KSF
United States Senior Judge